**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**VERA PARTEM,**

     **Plaintiff,**

     **v.**

**UNITED STATES OF AMERICA and**
**ANTONY J. BLINKEN, in his official**
**capacity as Secretary of State,**

     **Defendants.**

**Civil Action No. 22-3729 (JDB)**

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants United States of America and Antony Blinken's partial motion to dismiss plaintiff Vera Partem's complaint. For the reasons explained below, the Court will grant defendants' motion and dismiss Count III of plaintiff's complaint.

## Background

The following facts are drawn from the complaint. Plaintiff Vera Partem was a foreign service officer in the United States Department of State from September 2015 through August 2022. Compl. [ECF No. 1] ¶¶ 1, 28.[1] Entry-level career candidates, such as Partem, receive a limited appointment of five years in which to gain tenure. Id. ¶ 12. The Department of State's Commissioning and Tenure Board ("CTB") typically makes an initial tenure decision after the candidate has served for thirty-six months. Id. ¶ 13. If the CTB does not recommend the candidate for tenure, the candidate receives a second review twelve months later; a third review six months after the second review may be available for candidates the CTB has not yet recommended for tenure. Id. "The sole criterion for a positive tenuring decision [is] the candidate's demonstrated

---

[1] Citations in this Opinion refer to the second set of paragraph numbers in plaintiff's complaint (i.e., those that begin on page 2 of the complaint).

potential, assuming normal growth and career development, to serve effectively as a Foreign Service Officer over a normal career span."  Pl.'s Opp'n to Defs.' Partial Mot. to Dismiss [ECF No. 13] ("Opp'n") at 9 (quoting 3 FAM 2245.1).

In making tenure decisions, the CTB assesses candidates' Official Performance Files, and particularly their annual employee evaluation reports ("EERs").  Compl. ¶ 14.  Partem received her 2017 EER in August 2017.  Id. ¶ 18.  After receiving this EER, Partem filed an administrative complaint that alleged sex discrimination, retaliation, and a hostile work environment.  Id.  Partem and the Department of State settled her complaint in 2019, at which point her 2017 EER was rescinded.  Id.

Partem's 2018 EER praised aspects of her performance while also identifying her written communication skills as a developmental area.  Id. ¶ 19.  This EER did not recommend Partem for tenure or promotion.  Id.  Partem's supervisor noted that she

> must improve her writing, especially drafting to deadlines and delivering crisp, concise, and relevant analytical products, whether short- or long-form, on time. While her immediate meeting readouts and daily reports improved, she still faced significant difficulties in combining factual reporting, analysis, and commentary, especially in front-channel cables.  [Partem's] writing must become primarily an individual effort, rather than a collaborative venture, in order for her to excel as a reporting officer.

FSGB Case No. 2021-004 Decision [ECF No. 8-2] ("Decision") at 4.[2]

The CTB first reviewed Partem for tenure in late 2018 and informed her in February 2019 that it had deferred deciding on her tenure.  Compl. ¶ 20.  As part of its explanation as to why it was not recommending Partem for tenure, the CTB referred Partem to her 2018 EER, specifically the statement that she "still faced significant difficulties in combining factual reporting, analysis,

---

[2] The Court may consider this material on a motion to dismiss, either as a document "incorporated by reference in the complaint" or "as an agency decision contained in the administrative record."  Gumpad v. Comm'r of Soc. Sec. Admin., 19 F. Supp. 3d 325, 328 (D.D.C. 2014) (internal quotation marks omitted).

and commentary, especially in front-channel cables." Id. (emphasis omitted).  The CTB advised her to demonstrate "effective Communication Skills, specifically written skills, analysis, and core reporting functions" during the next performance period.  Id.  The CTB also cautioned Partem that that the optional statement she submitted with her 2018 EER—which included letters of recommendations from foreign government officials—reflected poorly on her judgment and  "did not 'appear to benefit the review of the EER.'"  See id. ¶¶ 19–20, 33.

Partem received her next EER in November 2019.  Id. ¶ 22.  Her reviewer and rater both recommended Partem for tenure and her rater commended her written communication skills, noting that "[i]n addressing the variety of issues and requests for information that arose, [Partem's] writing was always clear and thorough."  Decision at 6 (alteration in original).  Her reviewer added that Partem "significantly improved her writing skills," and that "[Partem's] products are now analytical and concise thanks to [her] efforts."  Id.

Despite these positive reviews, the 2019 CTB again deferred Partem's tenure decision.  The CTB acknowledged that Partem's "foreign language skills, relationship-building/representational skills, and initiative and effectiveness as a control officer are clearly very strong," but "found problem areas, specifically in the areas of informational effectiveness (writing and analysis) and operational effectiveness (meeting deadlines)."  Id. at 7; see Compl. ¶ 24.  The CTB also referred to Partem's "highly unusual" decision to include "solicit[ed] written letters of commendation, especially from foreign government officials" in her 2018 EER and noted its pleasure that Partem had discontinued that practice.  Decision at 7; see Compl. ¶ 24.

Partem's reviewer and rater again recommended her for tenure in her 2020 EER.  Compl. ¶ 25.  Her rater praised Partem's "well-written" guide on COVID information, her internal meeting

summaries, and "two mission critical pieces" that were "sure to receive praise from end users." Decision at 8; see Compl. ¶ 25.

In August 2020, the CTB did not recommend Partem for tenure and the Department of State informed Partem that she would be separated from service on September 6, 2020.  Compl. ¶ 26.  Partem then filed an agency-level grievance and, after her grievance was denied, appealed to the Foreign Service Grievance Board ("FSGB").  Id. ¶¶ 29–31.  The FSGB stayed her separation during the pendency of her appeal.  Id. ¶ 27.  The FSGB denied her appeal on June 17, 2022, and she was separated from service on August 9, 2022.  Id. ¶¶ 28, 34.

On December 14, 2022, Partem filed the instant action seeking review of the FSGB's decision under the Administrative Procedure Act ("APA").  Count III of her complaint alleges the deprivation of her right to procedural due process under the Fifth Amendment.  Compl. ¶¶ 50–53; U.S. Const. amend. V ("No person shall be . . . deprived of life, liberty, or property, without due process of law.").  The government moved to dismiss Count III of the complaint, see Defs.' Partial Mot. to Dismiss [ECF No. 8] ("Mot."), Partem filed a response in opposition, see Opp'n, and the government filed a reply, see Reply in Supp. of Mot. [ECF No. 15] ("Reply").  The motion is now ripe for decision.

## Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss on this basis, a complaint must contain enough factual allegations to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint is "plausible on its face" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard requires more than "naked assertions devoid of further factual enhancement" or "a formulaic recitation of the elements of a cause of action." Id. (cleaned up). Well-pleaded factual allegations are accepted as true and a plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see id. at 1273. But a court "need not accept inferences . . . unsupported by the facts set out in the complaint[,] [n]or must the court accept legal conclusions." Id. at 1276.

## Analysis

In ruling on a procedural due process claim, courts consider (1) "whether the plaintiffs were deprived of a protected interest," and (2) "if so, whether they received the process they were due." Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec., 980 F.3d 109, 118 (D.C. Cir. 2020) (internal quotation marks omitted). The government argues that (1) Partem has no protected interest in her promotion and (2) she was afforded all process she was due. See, e.g., Reply. at 2. The Court assumes for the purpose of this motion that Partem has a protected interest,[3] and considers whether Partem was afforded all process that she was due.

Partem appears to posit two different theories of a due process violation in two separate places in her complaint. First, on page 13 in a section titled "COUNT III: DENIAL OF DUE PROCESS," Partem alleges that the FSGB denied her due process by failing to consider her arguments that the CTBs denied her tenure without providing adequate notice of the basis for the

---

[3] For purposes of this motion, the government likely waived its argument that Partem does not have a protected interest. In its principal brief, the government "assum[ed] for th[at] motion that Plaintiff has a protected interest." Mot. at 3. Despite this assumption, the government—in a footnote—quotes language from Colm v. Vance, 567 F.2d 1125 (D.C. Cir. 1977), that "a government employee has no property entitlement to a promotion." Id. at 1130. But courts "need not consider cursory arguments made only in a footnote." Hutchins v. District of Columbia, 188 F.3d 531, 539 n.3 (D.C. Cir. 1999) (en banc). And while the government pivots and argues in its reply brief that Partem has no property entitlement to a promotion, "new arguments made in a reply brief are forfeited." Conservation Force v. Jewell, 160 F. Supp. 3d 194, 204 n.4 (D.D.C. 2016).

denial or an opportunity to improve her performance.  Compl. ¶¶ 50–53.  Later, on page 14 of her complaint in a section titled "COUNT III," Partem alleges that the FSGB's failure to address her argument that the State Department's CTB procedures deprived her of due process was "arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with law" under the APA, the Foreign Service Act, and the Fifth Amendment Due Process Clause.  Id. ¶ 58.

As an initial matter, the Court must consider which set of claims governs Partem's complaint.  The government suggests that "[t]he substance of these counts appears to be fully overlapping . . . .  As is most relevant, Count III in Plaintiff's first set (id. ¶¶ 50–53) appears to be parts of Counts I, II, and III in the second set of four counts."  Mot. at 1 n.1.  Partem agrees that "[t]he claims at issue are identified [at] ¶¶ 36–55 of the [c]omplaint."  Opp'n at 1 n.1.  And according to Partem, "Claim III asserts that the FSGB violated the APA, 5 U.S.C. §706, the Foreign Service Act, 22 USC § 3901(b)(4), and the 5th Amendment Procedural Due Process clause of the U.S. Constitution."  Id. at 4 (emphasis added).  Accordingly, the Court considers Partem's operative claim to be that the FSGB denied her due process by failing to consider her underlying due process arguments.

Partem has not sufficiently pled that the FSGB did not afford her due process; indeed, she admits that she "is not asserting that the FSGB processes were non-compliant," and that she brings this claim "despite receiving process before the FSGB."  Opp'n at 7.  Given Partem's admission that the FSGB afforded her due process, the Court will dismiss Count III in paragraphs 50–53 of Partem's complaint.

Although the Court considers Partem's claim to refer to the FSGB's denial of due process, the Court will nonetheless address Partem's other theory that the FSGB erred by not considering her argument that the Department of State "failed to provide adequate notice of the basis for the

denial of tenure and the opportunity to demonstrate improvement in her job." Opp'n at 7 (emphasis omitted). This claim fails because the FSGB's decision detailed its reasoning for finding "unpersuasive" her argument that "she did not have specific notice of performance deficits and an opportunity to demonstrate improvement." Decision at 24.

The FSGB cited evidence in the record that Partem "was warned several times that a clearly described deficiency in written communications skills might affect her prospects for tenure," and referred to specific instances in the administrative record where she was counseled on a "core performance deficiency." Id. The Court does not credit Partem's conclusory statement that the FSGB "failed to review [her] evidence or address her due process arguments about the subsequent CTBs" and "disregard[ed] evidence that the 2018, 2019, and 2020 CTBs relied solely on the same portions of [her] 2018 EER to deny tenure." Opp'n at 14. The FSGB's decision discussed and grappled with the CTBs' reliance on the weakness identified in Partem's 2018 EER. Decision at 20–24; compare Aragon v. Tillerson, 240 F. Supp. 3d 99, 110 (D.D.C. 2017) (agreeing the FSGB acted arbitrarily where it "[did] not state which factual assertions laid out in the background section of the decision were credited and which were rejected, nor [did] the decision begin to grapple with the record evidence"). The FSGB even credited Partem's evidence that she had improved but concluded that the warnings she received sufficiently notified her of a performance deficit and an opportunity to improve.[4] See Decision at 22.

_____

[4] Moreover, in disputing the CTBs' reliance on her 2018 deficiencies, Partem concedes that she was afforded notice, counseling, and an explanation as to the denial of tenure. Her arguments that the "2019 and 2020 CTBs denied [her] tenure and offered no notice or explanation, other than the same stale 2018 EER," Opp'n at 10 (emphasis added), and that "the only deficiencies about which the Department notified [her] as preventing tenure were the obstacles identified in the 2018 EER and 2018 CTB Counseling Statement," id. at 15, demonstrate that Partem was consistently notified that her written communication skills might prevent her from receiving tenure. Partem's belief that she overcame these deficiencies is unlike cases FSGBs have considered where the agency does not timely notify the officer of deficiencies "prior to any use of such criticism to deny tenure," where it does not notify an officer "of a skill deficiency in time for him to take corrective action," or where it fails to counsel an officer of alleged criticisms. FSGB 2014-035, at *25–26 (Oct. 6, 2015) (citing to other FSGB decisions); see also Valis v. United States, 132 F.3d 1483 (D.C. Cir. 1997) (unpublished table decision) (FSGB found error where the Department failed to "provide[] a

Nor does the Court agree with Partem that the "FSGB erred in failing to address whether the Department's regulations and precepts improperly precluded CTBs from evaluating whether Plaintiff [had] addressed and overcome weakness in performance identified by the prior CTBs." Compl. ¶ 53.  In fact, Partem cites to pages in the FSGB's decision where the FSGB considered and rejected her argument that the State Department's precepts improperly precluded her from demonstrating the necessary improvement.  See Opp'n at 14 (citing Decision at 24–25).  Although Partem may take issue with the State Department's evaluation process, she has not sufficiently pled a violation of her due process rights.

*        *        *

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [8] defendants' partial motion to dismiss is **GRANTED**; and it is further

**ORDERED** that Count III of [1] plaintiff's complaint is **DISMISSED**.

**SO ORDERED**.


/s/
_____
JOHN D. BATES
United States District Judge


Dated:  November 29, 2023

---

statement of the Tenuring Board's reasons for its rejection of her candidacy at that time").  Partem's substantive dispute over the validity of her tenure does not amount to a due process claim.